*** FILED: MARION COUNTY, FL DAVID R. ELLSPERMANN, CLERK 2/11/2013 14:33:42.***

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR MARION COUNTY, FLORIDA
CIVIL DIVISION

NELSON CALDERON, Individually;
ELSIE CALDERON, Individually,

CASE NO.: 42-2013-CA-000093
DIV:

    Plaintiff(s),

vs.

MERCHANTS AND SOUTHERN BANK;
GMAC MORTGAGE, LLC; BANK OF
AMERICA, N.A., ANY AND ALL
UNKNOWN PARTIES CLAIMING BY,
THROUGH UNDER AND AGAINST THE
HEREIN NAMED INDIVIDUAL
DEFENDANT(S) WHO ARE NOT KNOWN
TO BE DEAD OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN
INTEREST AS SPOUSES; HEIRS, DEVISEES,
GRANTEES, OR OTHER CLAIMANTS; et al

    Defendant(s).
_____/

## DEFENDANT, MERCHANTS AND SOUTHERN BANK'S, MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION AND FOR FAILURE TO JOIN INDISPENSABLE PARTIES AND INCORPORATED MEMORANDUM

Defendant, MERCHANTS AND SOUTHERN BANK, moves to dismiss Plaintiffs' Complaint for failure to state a cause of action pursuant to Rule 1.140(b)(6), Fla.R.Civ.P., and for failure to join indispensable parties pursuant to Rule 1.140(b)(7), Fla.R.Civ.P.

A.    **PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION.**

1. **Plaintiff's Complaint is inconsistent with the attached exhibits rendering it subject to dismissal.**

Paragraph 1 of Plaintiff's Complaint alleges that Plaintiffs own the property which is the subject of this litigation in fee simple. Paragraph 2 of Plaintiff's Complaint alleges that the

Calderon v. Merchants and Southern Bank, et al
Case No. 42-2013-CA-000093
Defendant, Merchants and Southern Bank's Motion to Dismiss for Failure to State a Cause of Action and for Failure to Join Dispensable Parties and Incorporated Memorandum
Page 2

Plaintiffs' title is derived from the Warranty Deed attached as Exhibit "A" to Plaintiffs' Complaint. However, Exhibit "A" attached to Plaintiffs' Complaint is a Warranty Deed which purports to transfer the property from Plaintiffs to "Nelson Calderon, Jr., Tyaneka Byrams and Jessica Goyco, as Trustees of the NTJ, INC. Revocable Family Trust." Therefore, the allegations of the Complaint are inconsistent with the Exhibits attached to the Complaint rendering the Complaint subject to dismissal. *Ginsberg v. Lennar Florida Holdings, Inc.*, 645 So.2d 490 (Fla. 3d DCA 1994); *Harry Pepper & Associates, Inc. v. Lasseter*, 247 So.2d 736 (Fla. 3d DCA 1971)

2. **Plaintiff failed to allege Defendant, MERCHANTS AND SOUTHERN BANK, did not fund the mortgage they claim invalid.**

Plaintiffs seek to avoid a recorded mortgage which they claim establishes a cloud on their title. The mortgage is attached to the Complaint and purports to be signed by Plaintiffs. Plaintiffs fail to allege that they did not sign the mortgage. Further, Plaintiffs fail to allege that they did not receive the funds which the mortgage states it secures. Plaintiffs' sole allegation is that they have demanded Defendant "to prove it had lent (sic) Nelson Calderon and Elsie I. Calderon any sum of money."

There is no provision of law which requires a mortgagee to prove to a mortgagor's satisfaction that the funds reflected by the mortgage were, in fact, loaned to the mortgagor in order to preserve its mortgage interest. Mortgagors can be expected to be well aware of the funding of the mortgage. Plaintiffs' failure to affirmatively allege that the mortgage was not funded and that the loan was not made constitutes the failure to state a cause of action rendering the Complaint subject to dismissal under Rule 1.140(b)(6), Fla. R. Civ. Pro.

Calderon v. Merchants and Southern Bank, et al
Case No. 42-2013-CA-000093
Defendant, Merchants and Southern Bank's Motion to Dismiss for Failure to State a Cause of Action and for Failure to Join Dispensable Parties and Incorporated Memorandum
Page 3

### B. PLAINTIFFS FAIL TO JOIN INDISPENSIBLE PARTIES.

Plaintiffs have failed to join indispensible parties, the title holders to the property. The Warranty Deed attached to Plaintiffs' Complaint and recorded in Official Records of Marion County show that title to the property is held by Nelson Calderon, Jr., Tyaneka Byrams and Jessica Goyco, as Trustees of the NTJ, INC. Revocable Family Trust. An indispensable party is one whose interest in the subject matter or action is such that if he is not joined complete and efficient determination of the equities and rights and liabilities of other parties is not possible. *Kephart v. Pickens*, 271 So.2d 163 (Fla. 4th DCA 1972); *Lee v. Cole*, 46 So.3d 612 (Fla. 2d DCA 2010).

Florida Statute §65.041 provides explicitly that, "no party not a party to the action is bound by any judgment rendered adverse to his or her interest…" Therefore, the rights of Merchants and Southern Bank cannot be fully adjudicated in this action unless the current title holders to the property are made a party to the action.

### C. CONCLUSION.

For the above reasons Defendant, Merchants and Southern Bank, requests that Plaintiffs' Complaint be dismissed for failure to state a cause of action and for failure to join indispensable parties.

Calderon v. Merchants and Southern Bank, et al
Case No. 42-2013-CA-000093
Defendant, Merchants and Southern Bank's Motion to Dismiss for Failure to State a Cause of Action and for Failure to Join Dispensable Parties and Incorporated Memorandum
Page 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document is being served on all counsel of record identified in the attached Service List via electronic mail on this 11 day of February, 2013.

SIEGEL HUGHES & ROSS

JACK M. ROSS
jross@shrlawfirm.com
Fla. Bar No.: 296759
ALEXA R. EVANS
aevans@shrlawfirm.com
Fla. Bar No.: 86575
4046 Newberry Road
P.O. Box 90028
Gainesville, Florida 32607
Secondary Email Addresses:
knorman@shrlawfirm.com
awhitbeck@shrlawfirm.com
(352) 375-7700 / Fax: (352) 375-1080
Counsel for Defendants, Merchants and Southern Bank

## SERVICE LIST

**Calderon v. Merchants and Southern Bank, et al**
**Case No. 42-2013-CA-000093**
**Fifth Judicial Circuit Court, Marion County**

**Kelley A. Bosecker, Esq.**
sbosecker@tampabay.rr.com
1400 Gandy Boulevard, #706
St. Petersburg FL 33702
Counsel for Plaintiff
(813) 334-1745 / Fax: (727) 258-8699
Method of Service: Email