UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**NELSON CALDERON and ELSIE CALDERON,**

             **Plaintiffs,**

v.                                                                 Case No:  5:13-cv-85-Oc-22PRL

**MERCHANTS AND SOUTHERN BANK, GMAC MORTGAGE, LLC, BANK OF AMERICA, N.A. and ANY AND ALL UNKNOWN PARTIES CLAIMING BY THROUGH UNDER AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID UNKNOWN PARTIES MAY CLAIM AN INTEREST AS,**

             **Defendants.**
_____/

**ORDER**

This cause comes before the Court *sua sponte*.[1] After reviewing the record, the Court notes that multiple parties raised the issue that Plaintiffs lack standing to bring this action

---

[1] It is axiomatic that federal courts must remand when subject matter jurisdiction is lacking, regardless of the merits of the action. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Therefore, "[b]ecause jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," resolving all doubts in favor of remand to state court. *Id.* The Court finds that Defendant Merchant and Southern Bank, a Florida corporation, is a nominal party as it no longer has interest in the Property because it assigned its interests to Defendant GMAC Mortgage, LLC. (Doc. No. 2-1 at p. 70 (showing the recorded assignment of mortgage between Merchants and Southern Bank and GMAC Mortgage, LLC); *see Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) ("Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970) (citation omitted) (noting nominal parties may be disregarded when determining consent for removal); *Prop. Choice Grp., Inc. v. LaSalle Bank*

because they no longer hold title to the property. (Doc. Nos. 3 &4). Plaintiffs have failed to respond to this argument.

In the present complaint, Plaintiffs seek to quiet title to the property located at 8821 SW 200 Circle, Dunnellon, Florida ("Property"). They claim to hold a warranty deed to the Property (Doc. No. 2 (citing Exhibit A to their Verified Complaint as evidence of the deed). They challenge various mortgages and an assignment by the Defendants as clouding their title. However, the exhibit Plaintiffs claim shows their title to the property is a recorded March 20, 2012 warranty deed from the Plaintiffs to Nelson Calderon Jr., Tyaneka Byrams, and Jessica Gouco as Trustees of the NTJ, Inc. Revocable Family Trust ("Non-Parties"), in which the Plaintiffs granted the Non-Parties the Property. (Doc. No. 2-1 at pp. 1-4). Because Plaintiffs' exhibit directly contradicts their allegation, the exhibit governs. *See Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (per curiam) ("It is the law in this circuit that 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.'" (citations omitted)).

Because of this contradiction, it appears Plaintiffs do not have standing to bring this action. *See Barclay v. Robert C. Malt & Co.*, 985 So. 3d 53, 54 (Fla. 4th DCA 2008) ("By force of logic, statute, and case law, however, a party must have title to a property to bring an action to quiet title. With no title, there is nothing to be quieted." (citations omitted)); George G. Bogert & George T. Bogert, The Law of Trusts and Trustees § 954 (Rev. 2d ed. 1995) ("Causes of action which arise out of ordinary acts of trust administration or out of wrongdoing toward the trust property are usually vested in the trustee alone. The trustee has title and possession and the

---

*N.A.*, No. 8:12-cv-1042-T-23MAP, 2012 WL 2568138, at *1 (M.D. Fla. Jul. 2, 2012) (finding a bank was a nominal parry when that bank no longer had interest in the mortgage after being absorbed and its interest in the mortgage was transferred to a third party). Therefore, Defendant Merchant and Southern Bank's presence does not destroy diversity jurisdiction.

powers of administration. He is in substance the 'owner' of the trust property, as far as third persons are concerned.").

Standing is jurisdictional; therefore, if a court dismisses a case for lack of standing, it has the same effect as a dismissal for lack of subject matter jurisdiction. *Stalley ex. rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam). The party "invoking federal jurisdiction bears the burden of establishing" standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing, plaintiff must show that: (1) he suffered an injury in fact which is concrete and particularized and actual or imminent; (2) there is a causal connection between the injury and the defendant's alleged conduct; and (3) "it must be 'likely' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" *Id.* at 560-61(citations and internal quotations omitted). Further, when a party seeks injunctive relief, it must also show "a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (plaintiff seeking injunctive relief for alleged ADA violations).

When addressing dismissal for lack of standing, the court evaluates standing based on the facts of the complaint. *Id.* However, the court "may not 'speculate concerning the existence of standing or piece together support for the plaintiff." *Id.* (citation and internal quotations omitted). Additionally, the standing requirements are not mere pleading requirements and therefore "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree required at the successive stages of litigation." *Defenders of Wildlife*, 504 U.S. at 561.

In Florida, to state a claim to quiet title against an alleged cloud on plaintiff's title, plaintiff must not only allege plausible facts showing plaintiff's title to the land at issue but also

plausible facts showing that a cloud exists. *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953); *Barclay*, 985 So. 3d at 54. Therefore, the Florida Supreme Court has concluded, "Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which give the claim apparent validity as well as those which show its invalidity." *Id.* (citations omitted); *see also McDaniel v. McElvy*, 108 So. 820, 830 (Fla. 1926) ("Thus, if the suit is brought to remove a particular cloud, the facts which show the existence—actual, apparent, or potential—of that cloud are essential parts of the complainant's cause of action, and must be alleged." (citation omitted)).

Because it is clear that Plaintiffs do not have title to the land (Doc. No. 2-1 at pp. 1-4), Plaintiffs lack standing to bring this present action. *See Barclay*, 985 So. 3d at 54; Bogert & Bogert The Law of Trusts and Trustees § 954.

Therefore, based on the foregoing, it is **ORDERED** as follows:

1. Plaintiffs' Complaint (Doc. No. 2) is **DISMISSED without prejudice**.
2. All pending motions are **DENIED as moot**.
3. Plaintiffs are **GRANTED** leave to file an Amended Complaint on or before April 16, 2013, if they can do so without violating *Federal Rule of Civil Procedure* 11.[2] The amended complaint shall not serve as an

---

[2] *Federal Rule of Civil Procedure* 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

4

opportunity to add new claims. Rather, this represents a chance for Plaintiffs to remedy the pleading deficiencies identified herein. If Plaintiffs file an Amended Complaint that fails to comply with *Federal Rule of Civil Procedure* 11, the Court may consider sanctions against the Plaintiffs. Failure to file an amended complaint by April 16, 2013 may result in the dismissal of this case without further notice.

**DONE** and **ORDERED** in Ocala, Florida on April 2, 2013.

ANNE C. CONWAY
United States District Judge

---

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Copies furnished to:

Counsel of Record
Unrepresented Parties