## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

NELSON CALDERON,
and ELSIE CALDERON,

    Plaintiffs,

v.                                                                    Case No: 5:13-cv-85-Oc-22PRL

MERCHANT AND SOUTHERN BANK;
GMAC MORTGAGE, LLC,

    Defendants.
_____

## REPORT AND RECOMMENDATION[1]

This matter is before the Court on motions for sanctions filed by Defendant GMAC Mortgage, LLC (Docs. 39 & 42) and Merchants and Southern Bank (Doc. 41). Plaintiffs, Nelson and Elsie Calderon have not filed a response to the motions and their time for doing so has passed. The District Judge referred the motions to the undersigned for ruling, or if necessary, issuance of a Report and Recommendation. (Doc. 44). I recommend that the motions be granted.

**I. BACKGROUND**

    **A. Kelley Bosecker and Related Quiet Title Actions**

This case is one of seven similar quiet title actions filed in the Ocala Division, and Kelley Bosecker, Esquire, represents the plaintiff (as she does here) in each one.[2] All seven cases are based on the same legal theory, i.e., that failure to acknowledge in writing a recorded note,

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] *Barrios v. Regions Bank*, 5:13-cv-29-ACC-PRL; *Lehrer et al. v. Regions Bank*, et al, 5:13-cv-30-PRL; *Fitzgerald et al v. Regions Bank et al.*, 5:13-cv-PRL; *Huff et al v. Regions Bank*, 5:13-cv-63-ACC-PRL; *Gonzalez v. GMAC Mortgage, et al*, 5:13-cv-72-ACC-PRL; *Grisales et al v. Ocala National Bank*, 5:13-cv-84-WTH-PRL; *Lluis v. Bank of America*, 5:13-cv-130-ACC-PRL.

mortgage or assignment somehow creates a possible cloud on the plaintiff's title. Although Ms. Bosecker has relied upon this same theory in these cases, she has failed to cite any legal authority to support it.

All seven cases were filed in state court and removed to this Court. Upon removal, the Clerk promptly notified Ms. Bosecker that she was not a member of the Bar of the Middle District of Florida and that she must seek admission under Local Rule 2.01. (Doc. 7). Although this notice is generally sufficient to prompt the relatively simple admissions process, it took Ms. Bosecker approximately five weeks after this action was removed to finalize the process and the Court was placed in the unfortunate position of micromanaging her admission. (*See, e.g.*, Docs. 7, 21). On March 15, 2013, the Court was forced to remove Ms. Bosecker as counsel of record in this case because she was not yet a member of this Bar. (Doc. 21). It was not until March 29, 2013, that Ms. Bosecker filed a notice of appearance after finally being admitted to the Bar of the Middle District. (Doc. 24). Ms. Bosecker's poor handling of the admissions process was consistent with her level of practice in all of the seven actions, which consistently fell below the level expected of lawyers practicing in this Court. (*(See e.g., Barrios v. Regions Bank,* 5:13-cv-29-Oc-22PRL Doc. 52 at 2; *Gonzalez v. GMAC Mortgage, et al,* 5:13-cv-72-ACC-PRL, Doc. 36 at 2*)*.

    **B. The *Calderon* Action**

This action was initiated on January 8, 2013, when Plaintiffs filed in state court, by and through their counsel, Ms. Bosecker, the present action to quiet title to real property located at 8821 SW 200 Circle, Dunnellon, Florida ("Property") (Doc. 2). In the initial Complaint, Plaintiffs alleged that on March 18, 2004, Defendant Merchants and Southern Bank ("Defendant

M&S") recorded in Marion County, Florida's Official Records, a mortgage on the Property and in the mortgage Defendant M&S purported to lend Plaintiffs $127,951.00 secured by the Property. Although Plaintiffs appear to allege that Defendant M&S never lent them $127,951.00, Plaintiffs attached to their Complaint a copy of the recorded mortgage.

Plaintiffs then allege that the mortgage was assigned from Defendant M&S to Defendant GMAC Mortgage, LLC ("Defendant GMAC"). Plaintiffs attached to the Complaint copies of the Assignment of Mortgage, which was recorded in Marion County, Florida's Official Records.[3]

Plaintiffs allege that M&S failed to respond to their repeated demands to prove it lent them any money; and that Defendant GMAC failed to respond to their repeated demands to prove that it had a valid interest in the Property. According to Plaintiffs, these failures to respond to their demands have created a cloud on their title. In addition to this theory, Plaintiffs assert that because the purported mortgage did not vest any interest in Defendant M&S, the purported assignment did not transfer any interest in the Property to Defendant GMAC. Oddly, although Plaintiffs claim that the Defendants have no valid enforceable interest in the Property, they complain that the Defendants failed to comply with Plaintiffs' demands that they remove, satisfy, and release the purported mortgage and assignment. As relief, Plaintiffs ask the Court to deem the mortgage and assignment cancelled, null and void.

On February 21, 2013, Defendant GMAC removed this action to federal court based on diversity jurisdiction. (Doc. 1). Both Defendants filed motions to dismiss. (Docs. 3, 4, 19).

Although Plaintiffs' Complaint, which was filed by Ms. Bosecker, was based on the same frivolous and unsupported legal theory that this Court and other courts have repeatedly rejected– i.e., that failure to acknowledge in writing a recorded note, mortgage or assignment somehow

---

[3] Plaintiffs also included allegations regarding a mortgage from Defendant, Bank of America. (Doc. 2 at ¶¶18-24). Because Bank of America was not named in the Amended Complaint, and it has not filed a motion for sanctions, the Court will not discuss these allegations.

creates a possible cloud on Plaintiff's title – the Court dismissed this action because Plaintiffs lacked standing to bring the action to quiet title.

On April 2, 2013, the Court dismissed Plaintiffs' Complaint noting that although multiple parties raised the issue that Plaintiffs lack standing to bring this action because they no longer hold title to the Property, Plaintiffs failed to even respond to the argument. (Doc. 25). Plaintiffs seek to quiet title to the Property, but as the Court pointed out, "the exhibit Plaintiffs claim shows their title to the Property is a recorded March 20, 2012 warranty deed from the Plaintiffs to Nelson Calderson Jr., Tyaneka Byrams, and Jessica Gouco as Trustees of the NTJ, Inc. Revocable Family Trust (collectively "Non-Parties"), in which the Plaintiffs granted the Non-Parties the Property." The Court explained that because this exhibit directly contradicts Plaintiffs' allegations, the exhibit governs. Accordingly, the Court dismissed Plaintiffs' Complaint with leave to amend by April 16, 2013, provided they could do so without violating Federal Rule of Civil Procedure 11. The Court cautioned Plaintiffs that "[t]he amended complaint shall not serve as an opportunity to add new claims. Rather, this represents a chance for Plaintiffs to remedy the pleading deficiencies identified herein."

On April 8, 2013, Defendant M&S served on Plaintiffs' counsel its motion for sanctions under Rule 11. (Doc. 46).[4] On April 11, 2013, counsel for Defendant GMAC served on Plaintiffs' counsel a Rule 11 and Fla. Stat. § 57.105 safe harbor letter and motion for sanctions seeking dismissal of the case with prejudice and payment of their attorney's fees and costs. (Doc. 42-1). Defense counsel advised Ms. Bosecker "we are aware that you have filed identical complaints or are representing several other Plaintiffs and asserting the same legal theory as asserted in this case, which lacks all merit." GMAC advised Plaintiffs to review the pending

---

[4] Prior to removal, on February 11, 2013, Defendant M&S served on Plaintiffs' counsel a motion for attorney's fees pursuant to §57.105 and then filed the motion more than 21 days later. (Doc. 22).

motion to dismiss and attached motion for sanctions, both of which cited "recent case law in actions to quiet title that unequivocally establishes that the claims alleged in this case have no merit."

On April 16, 2013 – the last day for Plaintiffs to amend – Plaintiffs filed an emergency motion for an extension of time to file the amended complaint. (Doc. 26). Ms. Bosecker represented that that she was unable to timely complete the amended complaint because she was recently admitted to practice in the Bar of this Court. The Court denied Plaintiffs' emergency motion and ordered Plaintiffs to file their amended complaint by April 19, 2013 if they could do so without violating Rule 11. (Doc. 30). The Court again advised Plaintiff that "[t]he amended complaint shall not serve as an opportunity to add new claims. Rather, [the amended complaint] represents a chance for Plaintiff to remedy the pleading deficiencies identified [therein]."

Despite these repeated warnings, on April 18, 2013, Plaintiffs filed their Amended Complaint (Docs. 31) continuing to assert that Defendant did not prove that it lent them money or that it had a valid interest in the Property. Moreover, Plaintiffs failed to address the standing issue and despite the Court's explicit direction that no new claims be added, Plaintiff also added a count for fraud, fraudulent inducement, concealment, and fraudulent representation.

On April 22, 2013, the Court directed Plaintiffs to show cause by April 26, 2013 at 9:00 AM "why this action should not be dismissed for lack of standing." (Doc. 33). Plaintiffs did not file a response and on April 26, 2013, the Court dismissed Plaintiffs' Amended Complaint for lack of standing. (Doc. 36).[5]

---

[5] On April 24, 2013, Plaintiffs filed a motion to substitute Nelson Calderon Jr., Tyaneka Byrams and Jessica Goyco, Trustees of the NTJ, Inc. Revocable Family Trust Dated February 14, 2012 in place of Plaintiffs Nelson and Elsie Calderon. (Doc. 34). The Court denied this motion without prejudice because Plaintiffs' counsel failed to confer with opposing counsel before filing the motion as required by Local Rule 3.01(g). (Doc. 35).

Defendants then filed the instant motions for sanctions.[6] Plaintiffs have not filed responses and the time for doing so has passed. This failure to respond is consistent with Ms. Bosecker's practice before this court, and does not bode well for her under the circumstances.

## II. DISCUSSION

Defendant M&S and Defendant GMAC seek sanctions in the form of their attorneys' fees and costs, against Plaintiffs and Ms. Bosecker, pursuant to Federal Rule of Civil Procedure 11, Florida Statute § 57.105, 28 U.S.C. § 1927, and the Court's inherent power.

### A. Legal Framework

Pursuant to Rule 11, when an attorney files a pleading, written motion, or other paper, the attorney signs it to certify that, among other things, (1) the pleading is not being presented for an improper purpose; (2) the legal contentions are warranted by existing law or a nonfrivolous argument to change existing law; and (3) the factual contentions have evidentiary support or will likely have evidentiary support after discovery. Fed.R.Civ.P. 11(b).

"The purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." *Peer v. Lewis*, 606 F.3d 1306,1311 (11th Cir. 2010). To accomplish this purpose, Rule 11 requires litigants to reasonably inquire into the law and facts before making legal and factual contentions in a pleading, motion, or other paper; it emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention. *See*

---

[6] On May 3, 2013, M&S Bank filed a motion for sanctions (Doc. 37), which was denied without prejudice (Doc. 40). On May 30, 2013, M&S Bank filed the instant motion for sanctions. (Doc. 41). Plaintiffs filed a response to M&S Bank's initial motion for sanctions (Doc. 38), but not to the motion that is currently pending. GMAC has filed two motions for sanctions (Docs. 39 & 42), both of which remain pending. Plaintiffs have not filed a response to either of these motions.

Advisory Committee Notes to Rule 11, 1993; *see also, Coleman v. Circle K. Stores, Inc*., No. 6:10-cv-1425-Orl-28GJK, 2012 WL 5334116, *2 (M.D. Fla. Oct. 1, 2012).

In determining whether Rule 11 sanctions are warranted, the Court asks: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Id*. (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001). The Court should avoid using the "wisdom of hindsight" and should "test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Peer*, 606 F.3d at 1311 (quoting Fed. R. Civ. P. 11 advisory committee note of 1983).

Likewise, Florida Statute § 57.105 is intended to discourage baseless filings and provides, in relevant part:[7]

> Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee . . . to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:
>
> (a) Was not supported by the material facts necessary to establish the claim or defense; or
>
> (b) Would not be supported by the application of then-existing law to those material facts.

Both Rule 11 and § 57.105 contain safe harbor provisions requiring the moving party to serve the offending party with the motion at least 21 days before the motion is filed with the

---

[7] In a diversity action, such as this, the substantive law of the forum state is applied, along with federal procedural law. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Eleventh Circuit has noted that "[a]ttorney's fees pursuant to Florida Statute § 57.105 may be awarded to the prevailing party in a suit brought in federal court." *BankAtlantic v. Blythe Eastman Paine Webber, Inc*, 955 F.2d 1467, 1478 n. 11 (11th Cir. 1992). Because § 57.105 is substantive, it can be applied in federal court in the proper case. *See Fidelity Land Trust Company, LLC v. Security National Mortgage Company*, No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *1 (M.D. Fla. Jan. 7, 2013).

Court. The moving party cannot file the motion if, within those 21 days, the offending party withdraws or corrects the challenged conduct. Fed. R. Civ. P. 11(c)(2); Fla. Stat § 57.105(4).[8]

Unlike Rule 11 and Fla. Stat. § 57.105, which primarily focus on pleadings, written motions, or other papers, 28 U.S.C. §1927 is directed at the unreasonable and vexatious multiplication of proceedings and requires attorneys to avoid dilatory tactics throughout the entire litigation. *Peer v. Lewis*, 606 F.3d 1306, 1313-14 (11th Cir. 2010). "To justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Id*. An attorney multiplies the proceedings unreasonably and vexatiously "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.'" *Id*. Bad faith is an objective standard that is met when an attorney knowingly and recklessly pursues a frivolous claim. *Id*.

Finally, the Court has inherent authority to manage its affairs and sanction parties or counsel for conduct that abuses the judicial process. *Fidelity Land Trust Company, LLC v. Security National Mortgage Co.*, No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *3 (M.D. Fla. Jan. 7, 2013). The court's inherent power "extends to a full range of litigation abuses," but it requires a showing of bad faith and this standard narrows the range of conduct that satisfies the threshold for sanctions. *Peer*, 606 F.3d at 1314-15 (citing *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991)).

**B. Sanctions Should Be Imposed**

There was no plausible basis in law or fact for the filing of this action, which should have been clear by reading the case law. This is not a situation in which a lawsuit was filed in good

---

[8] Here, there is no dispute that counsel for Defendant GMAC and counsel for Defendant M&S complied with these safe harbor provisions. (Docs. 22, 42-1, 46).

faith and later discovery revealed that there was not a basis for it. Rather, Plaintiffs' claims against Defendants were based upon a legal theory that had absolutely no chance of success and which cannot be characterized as reasonable arguments to change existing law. Indeed, despite bald assertions that they have stated a viable claim, Plaintiffs have not cited any legal authority to support their theory. This action was even more troubling than the other related cases because Plaintiffs did not even hold title to the Property for which they sought to quiet title.

Although Defendants' counsel sent Rule 11 and § 57.105 safe harbor letters with motions for sanctions to counsel, Plaintiffs did not withdraw their claim. Defendants GMAC and M&S ultimately prevailed when the Court dismissed Plaintiffs' Amended Complaint with prejudice. (Doc. 36). Accordingly, sanctions should be imposed pursuant to Fla. Stat. § 57.105 because, as discussed above, at the time Plaintiffs filed their Complaint (by and through Ms. Bosecker), their claims were neither supported by the material facts necessary to establish the claims nor by the application of then-existing law to those material facts. Section 57.105 specifically provides that under these circumstances, the court "shall award a reasonable attorney's fee . . . to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney."

Moreover, although Rule 11, Fed. R. Civ. P., does not apply to the filing of the original Complaint in state court, s*ee Worldwide Primates, Inc. v. McGreal*, 26 F.3d 1089, 1091 (11th Cir. 1994), Defendants argue, and the Court agrees, that Ms. Bosecker violated Rule 11 by continuing to pursue the frivolous claims after removal and by filing motions and other papers that had no reasonable factual or legal basis, including the emergency motion for extension of time, the (equally frivolous) Amended Complaint, and the response to M&S's initial motion for Rule 11 sanctions.

Plaintiffs and Ms. Bosecker were repeatedly advised – both by Defendants and the Court – that Plaintiffs' claims were frivolous. Nonetheless, Plaintiffs proceeded with this action and Defendants were forced to defend against the frivolous claims. Defendants moved to dismiss the Complaint arguing that Plaintiffs lacked standing and Plaintiffs' claims were frivolous and unsupported by legal authority and contradicted by the exhibits attached to the Complaint. (Docs. 3, 4). In its motion to dismiss, Defendant GMAC cited to a number of cases in which courts had rejected Plaintiffs' legal theory. (Doc. 3 at 3, nn. 3-4). Ms. Bosecker continued to pursue Plaintiffs' claims even after Defendants served Rule 11 and §57.105 safe harbor letters and motions for sanctions showing that Plaintiffs' legal theory had been rejected by other courts, after this Court found Plaintiffs lacked standing, and after this Court rejected Plaintiffs' legal theory in the other related cases. Then, although the Court reminded Plaintiffs and Ms. Bosecker of the requirements of Rule 11, and admonished Plaintiffs that they could not add new claims to an amended pleading, Plaintiffs filed an Amended Complaint that failed to even address the standing issue, was based on the same legal theory that the Court had repeatedly rejected in the related actions, and added new claims. The Court nonetheless afforded Plaintiffs one more opportunity to show cause why they have standing to bring their claims. (Doc. 33). After Plaintiffs failed to respond to the Court's Order to Show Cause, the Court dismissed Plaintiffs' Amended Complaint with prejudice for lack of standing. (Doc. 36).

Ms. Bosecker's conduct in pursuing these frivolous claims also warrants sanctions against her pursuant to 28 U.S.C. § 1927.[9] The undersigned has no trouble concluding that Ms. Bosecker engaged in unreasonable and vexatious conduct and that her conduct multiplied the

---

[9] Section 1927 does not apply to an initial complaint. *Macort v. Prem, Inc.,* 208 F. App'x 781, 786 (11th Cir. 2006).

proceedings by filing the emergency motion for extension of time, and the frivolous Amended Complaint. *See Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1280-82 (11th Cir. 2010).

Alternatively, the Court should exercise its inherent powers to impose sanctions against Plaintiffs and Ms. Bosecker because Defendants were forced to spend significant time and money defending against Plaintiffs' meritless lawsuit. The Court may tax attorneys' fees and costs "when [the client, attorney, or both] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Fidelity Land Trust Co., LLC v. Security Nat. Mortg. Co.*, No. 6:12-cv-1676-Orl-19DAB, 2013 WL 524961, at *3 (M.D. Fla. Jan. 7, 2013)(*quoting Byrne v. Nezhat*, 261 F.3d 1075, 1106 (11th Cir. 2001)). Grounds for a bad faith award exist – when, as here – Plaintiffs bring a groundless suit and force Defendants to expend time and effort conducting their defense. *Gordon v. Heimann*, 715 F.2d 531, 539 (11th Cir. 1983).

Under these circumstances, the Court finds that sanctions in the form of reasonable attorneys' fees and costs are warranted against both Plaintiffs and Ms. Bosecker under Fla. Stat. § 57.105 and the Court's inherent authority, and additionally that such sanctions are warranted against Ms. Bosecker pursuant to Rule 11, Fed. R. Civ. P.[10], and 28 U.S.C. § 1927. Plaintiffs and Ms. Bosecker should be ordered to pay Defendant GMAC and Defendant M&S's reasonable attorneys' fees and costs to defend this action from the date Defendants were served with original process (pursuant to Fla. Stat. § 57.105 and the Court's inherent authority) through the conclusion of these proceedings (pursuant to Fla. Stat. § 57.105, Rule 11, 28 U.S.C. § 1927, and/or the Court's inherent authority).

---

[10] Although Rule 11 sanctions can be awarded against a party and/or counsel, monetary sanctions cannot be imposed against a represented party for violating Rule 11(b)(2) which requires counsel to certify that the claims, defenses and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law. Fed. R. Civ. P. 11(c)(5). Because the undersigned concluded that Ms. Bosecker violated Rule 11(b)(2) (as well as other subsections of Rule 11), the undersigned declines to impose monetary sanctions in the form of attorneys' fees and costs on Plaintiff pursuant to Rule 11.

### C. Reasonable Attorney's Fees

#### *Defendant GMAC*

Defendant GMAC seeks a total of $13,375.10 in attorneys' fees dating from January 25, 2013 to May 3, 2013. In determining a reasonable attorney's fee, the Court applies the federal lodestar approach which is calculated by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate for the services provided by counsel for the prevailing party. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)(per curiam). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Once the court has determined the lodestar, it may adjust the amount upward or downward based upon a number of factors, including the results obtained. *Norman*, 836 F.2d at 1302.

"Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001)(quoting *Hensley*, 461 U.S. at 436). Additionally, the Court is "an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

##### *1. Reasonableness of Hourly Rates*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."

*Norman*, 836 F.2d at 1299. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with the prevailing market rates. *Id*. The trial court, itself, is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Id*. at 1303.

Defendant GMAC requests $361.00 per hour for attorney Christian W. Hancock who has 12 years of experience and is a partner at the law firm of Bradley Arant Boult Cummings LLP; $334.00 per hour for attorney Hope T. Cannon, who has 13 years of experience and is a partner at the law firm of Bradley Arant Boult Cummings LLP; $224.00 per hour for attorney Jessica L. Jones, an associate at the same firm in her fourth year of practice; $282.00 per hour for attorney James Warmoth, an associate at the same firm in his third year of practice; $150 per hour for Jamie Mathews a paralegal with two years of experience; $163.00 per hour for Emily R. Powell a paralegal who attended law school and obtained a J.D. degree; and $167.00 per hour for Melisa Palmer, a paralegal at the firm since 2010.

To support the requested hourly rates, Defendants point to similar cases in this District in which the same counsel and paralegals recently sought similar rates for fees as they do here, and the court granted their motion. (Doc.42 at 11; *Fidelity Land Trust Co., LLC v. Mortgage Electronic Registration Systems, Inc. et al*., Case No. 6:12-cv-1367-RBD-TBS; *Fidelity Land Trust Co., LLC v. Mortgage Electronic Registration Systems, Inc. et al*., Case No. 8:12-cv-1930-EAK-MAP). In addition, Defendants cite to several other cases from this District where the court found commensurate rates to be reasonable. (*See* Doc. 42 at 11-12).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *Scelta v. Delicatessen Support Serv., Inc*., 203 F.Supp.2d 1328, 1331 (M.D.Fla. 2002). Here, based upon the Court's

own experience and familiarity with rates in the Ocala Division, the undersigned finds that the requested rates are higher than the prevailing market rates. In fact, in both of the similar cases from this District cited by Defendant GMAC, the same counsel requested and the Court approved even lower billing rates – Attorney Cannon $315.00; Attorney Jones $193.00; Paralegal Mathews $145.00.[11]

Having considered the experience of Attorney Hancock, Attorney Cannon, Attorney Jones, and Attorney Warmoth, the location of their practice, the complexity of the case, Defendant's evidence of awards in similar cases, the Court's knowledge of market rates in Central Florida, and the Court's recent rulings regarding fees for this same law firm in the related *Gonzalez*, *Barrios* and *Huff* cases, the undersigned recommends that the requested hourly rate for Attorney Hancock be reduced from $361.00 to $315.00, that the requested hourly rate for Attorney Cannon be reduced from $334.00 to $315.00, that the requested hourly rate for Attorney Jones be reduced from $224.00 to $193.00; and that the requested hourly rate for Attorney Warmoth be reduced from $282.00 to $193.00. Likewise, with respect to paralegal time, the undersigned recommends that the requested hourly rate for Paralegal Mathews should be reduced from $150.00 to $145.00; the requested hourly rate for Paralegal Powell should be reduced from $163.00 to $155.00; and the requested hourly rate for Paralegal Palmer should be reduced from $167.00 to $155.00.

### 2. *Reasonableness of Hours Expended*

Next, the Court must determine the number of hours reasonably expended on the litigation. Attorneys "must exercise their own billing judgment to exclude any hours that are excessive, redundant, or otherwise unnecessary." *Galdames v. N&D Inv. Corp.*, 432 F. App'x

---

[11] Apparently, Attorney Hancock, Attorney Warmoth, Paralegal Powell and Paralegal Palmer did not work on these cases.

801, 806 (11th Cir. 2011). A court may reduce excessive, redundant, or otherwise unnecessary hours, or may engage in "an across-the-board cut," as long as the court adequately explains its reasons for doing so. *Id.* Work by paralegals is recoverable "only to the extent that the paralegal performs work traditionally done by an attorney." *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988).

Notwithstanding Plaintiffs' failure to raise any objection to Defendant's calculation of time expended on this case, the undersigned has conducted a thorough evaluation on its own. Based on the attached billing records, the following hours were expended on the case:

| Christian W. Hancock | 2.50 hours |
| Hope T. Cannon | 4.30 hours |
| Jessica L. Jones | 27.70 hours[12] |
| James Warmoth | 4.6 hours |
| Jamie Mathews | 9.0 hours[13] |
| Emily Powell | 2.90 hours |
| Melisa Palmer | 7.60 hours |

The undersigned finds that the requested 39.1 hours of attorney time is reasonable to expend on this case and consistent with the Court's recent rulings in the related *Gonzalez*, *Barrios* and *Huff* cases. However, the billing records show that Defendant is seeking reimbursement for some clerical work by paralegals.[14] While it appears that counsel actually

---

[12] Although Defendant GMAC seeks recovery for 28.1 hours of time for Attorney Jones, the billing records show that she worked on the case for 27.7 hours.

[13] Although Defendant GMAC seeks recovery for 11.30 hours of time for Paralegal Mathews, the billing records show that she worked on the case for 9.0 hours.

[14] Although not an exhaustive list, the following are examples of clerical work for which Defendant seeks

billed their client for this work, the undersigned finds that the charges are not appropriately shifted to Plaintiffs. Accordingly, the undersigned recommends a 10% across the board reduction for paralegal time, which results in the following award:

| Jamie Mathews | 8.10 hours |
|---|---|
| Emily Powell | 2.61 hours |
| Melisa Palmer | 6.84 hours |

### 3. Summary of Reasonable Attorneys' Fees for Defendant GMAC

In summary, the undersigned recommends that a reasonable lodestar for Attorney Hancock is 2.50 hours at $315.00 for a fee award of $787.50; Attorney Cannon is 4.30 hours at $315.00 per hour for a fee award of $1,354.50; Attorney Jones is 27.70 hours at $193.00 per hour for a fee award of $5,346.10; Attorney Warmoth is 4.60 hours at $193.00 per hour for a fee award of $887.80; Paralegal Mathews is 9.0 hours at $145.00 per hour for a fee award of $1,305.00; Paralegal Powell is 2.61 hours at $145.00 per hour for a fee award of $378.45; and Paralegal Palmer is 6.84 hours at $155.00, for a fee award of $1,060.20, with a total lodestar award of **$11,119.55**.

### Defendant M&S

Defendant M&S seeks a total of $7,227.50 in attorneys' fees dating from February 14, 2013 to May 30, 2013.

### 1. Reasonableness of Hourly Rates

---

recovery: 2/12/13, Pull access online docket and review for recent case activity to review appearances of counsel, .20 hours; 2/13/13, Draft correspondence to Marion County Clerk enclosing follow up copy of recently filed pleadings, .20 hours; and 2/20/13, Prepare mail packages for counsel of record containing copies of Notice of Removal, Certificate of Filing, Corporate Disclosure Statement, Civil Cover Sheet and Notice of Filing Notice of Removal, .50 hours.

Defendant M&S requests $395.00 per hour for attorney Jack Ross; $295.00 per hour for attorney W. Charles Hughes; $175.00 per hour for attorney Alexa R. Evans, and $100.00 per hour for paralegal Aimana Whitbeck. Other than attaching billing records (Doc. 41 at 43-33), Defendant M&S offers no evidence or information regarding the experience of these individuals to support the requested hourly rates. A review of the Florida Bar website shows that Attorney Ross is a partner at the law firm of Siegel Hughes & Ross with over thirty years of experience; W. Charles Hughes is a partner at the same firm with ten years of experience; and Alexa R. Evans is presumably an associate at the firm with almost three years of experience.

Here, based upon the Court's own experience and familiarity with rates in the Ocala Division, the undersigned finds that some of the requested rates are higher than the prevailing market rates. Considering the experience of Attorney Ross, Attorney Hughes, and Attorney Evans, the location of their practice, the complexity of the case, the Court's knowledge of market rates in Central Florida, and the Court's recent rulings regarding fees in the *Gonzalez, Barrios*, and *Huff* cases, the undersigned recommends that the requested hourly rate for Attorney Ross be reduced from $395.00 to $315.00, that the requested hourly rate for Attorney Hughes be reduced from $295.00 to $275.00, and that the requested hourly rate of $175.00 for Attorney Evans be approved. Likewise, with respect to paralegal time, the undersigned recommends that the requested hourly rate of $100.00 for Paralegal Whitbeck be approved.

### 2. *Reasonableness of Hours Expended*

Notwithstanding Plaintiffs' failure to raise any objection to Defendant M&S's calculation of time expended on this case, the undersigned has conducted a thorough evaluation on its own. Defendant M&S seeks to recover fees for the following hours expended on the case:

| Jack Ross | 12.10 hours |

| W. Charles Hughes | 1.40 hours |
| Alexa R. Evans | 2.40 hours |
| Aimana Whitbeck | 16.15 hours |

The undersigned finds that the requested 15.9 hours of attorney time and 16.15 hours of paralegal time, which are supported by the attached billing records, are reasonable to expend on this case and consistent with the Court's recent rulings in the related *Gonzalez*, *Barrios* and *Huff* cases.

### 3. *Summary of Reasonable Attorneys' Fees for Defendant M&S*

In summary, the undersigned recommends that a reasonable lodestar for Attorney Ross is 12.10 hours at $315.00 for a fee award of $3,811.50; Attorney Hughes is 1.40 hours at $275.00 per hour for a fee award of $385.00; Attorney Evans is 2.40 hours at $175.00 per hour for a fee award of $420.00; and Paralegal Whitbeck is 16.15 hours at $100.00, for a fee award of $1,615.00, with a total lodestar award of **$6,231.50**.

### D. Costs

Finally, Defendant GMAC seeks costs in the amount of $479.00 for the following:

| Copy of State Court File | $129.00 |
| USDC Removal Fee | $350.00 |

The undersigned finds that these costs were reasonably necessary and are recoverable under 28 U.S.C. § 1920.[15] Defendant M&S does not seek to recover any costs.

---

[15] Section 1920 provides that a judge may tax as costs: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section

## III. RECOMMENDATION

For the reasons stated above, it is respectfully **RECOMMEND**ED that

1. Defendant GMAC Mortgage, LLC's Motion for Sanctions (Docs. 42) should be **GRANTED**. Sanctions in the form of attorneys' fees in the amount of **$11,119.55** and costs in the amount of **$479.00** should be imposed jointly against Plaintiffs, Nelson Calderon and Elsie Calderon and their lawyer, Kelley Bosecker.

2. GMAC Mortgage, LLC's Motion for Sanctions (Doc. 39) should be **DENIED** as moot.

3. Defendant Merchant and Southern Bank's Refiled Motion for Attorneys' Fees Under Fla. Stat., §57.105, and As a Sanction Under Rule 11, Fed R. Civ. Pro. (Doc. 41) should be **GRANTED**. Sanctions in the form of attorneys' fees in the amount of **$6,231.50** should be imposed jointly against Plaintiffs, Nelson Calderon and Elsie Calderon and their lawyer, Kelley Bosecker.

Recommended in Ocala, Florida on October 8, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.